UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:11-CR-47 |
| v. | ) | |
| | ) | (VARLAN / GUYTON) |
| DAVID DWAYNE HOPKINS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Defendant's *pro se* request for counsel [Doc. 33], which was docketed as a motion on February 18, 2014, and referred [Doc. 34] to the undersigned on February 25, 2014. In his *pro se* filing, the Defendant states that his court-appointed attorney advised him that he did not qualify for armed career criminal status and that the attorney would file an objection to his Presentence Investigation Report (PSI). The Defendant states that despite this advice, his attorney failed to file any objection. The Defendant now seeks the appointment of counsel so that he can "get this case back before the Sentencing Judge in order to prove that" he is not an armed career criminal. The Defendant also requests copies of his PSI, the discovery in his case, his plea agreement, and the appropriate paperwork for him to file under 18 U.S.C. §2255.

By way of background, the Court observes that it initially appointed [Doc. 7] Assistant Federal Defender Jonathan Moffatt to represent the Defendant on May 3, 2011. On June 30, 2011, the Court substituted and appointed [Doc. 17] Attorney Brian Hunt to represent the Defendant, after finding that Attorney Moffatt had an actual conflict of interest. Attorney Hunt represented the Defendant at his change of plea hearing on July 25, 2011, and at his sentencing

1

hearing on December 19, 2011. The Court notes that prior to the sentencing hearing, Attorney Hunt filed a Sentencing Memorandum[Doc. 21], stating that the Defendant had objected to the finding in the PSI that he is an armed career criminal. On December 29, 2011, Mr. Hunt filed a Notice of Appeal [Doc. 24] on behalf of the Defendant. The Judgment [Doc. 25] of conviction was subsequently entered on January 9, 2012. On appeal, Mr. Hunt again argued that the Defendant was erroneously sentenced as an armed career criminal. The Court of Appeals for the Sixth Circuit granted [Doc. 30] the Government's motion to dismiss the appeal because the Defendant had agreed to waive his right to appeal in his plea agreement.

In the instant motion, the Defendant asks the Court to appoint counsel to assist him in filing a motion to challenge his sentence, specifically his armed career criminal status, once again. The appointment of counsel in relation to a collateral attack on the judgment or sentence is not a matter of right. Foster v. U.S., 345 F.2d 675, 676 (6th Cir. 1965) (per curiam). Instead, an indigent defendant is entitled to appointed counsel at his initial appearance in a criminal case through his direct appeal. 18 U.S.C. §3006A(c). While a defendant may receive court-appointed counsel in certain circumstances for a collateral attack of his judgment or sentence, see Vinson v. U.S., 235 F.2d 120, 122 (6th Cir. 1956) (permitting the appointment of counsel under 18 U.S.C. § 2255(g), when the Court intends to hold a hearing), the Court does not appoint counsel to explore whether the Defendant might be able to mount some sort of collateral attack on his sentence. Accordingly, the Defendant's sweeping request [**Doc. 33**] for the general assistance of counsel is **DENIED**.

With regard to the Defendant's request for documents, the Court observes that the Defendant's PSI and discovery are not a part of the court record and, thus, cannot be forwarded to him by the Court. The Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and

2

Order, a copy of the Plea Agreement [Doc. 18],[1] a copy of the forms for filing an action pursuant to 18 U.S.C. § 2255, and a copy of the docket sheet to the Defendant at the address listed on his motion [Doc. 33, p. 4].

**IT IS SO ORDERED.**

ENTER:

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1]The Clerk of Court is **DIRECTED** to redact the address of the victim in paragraph (3) on page 2 of the Plea Agreement before mailing it to the Defendant.