UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DAVID DWAYNE HOPKINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos.: 3:11-CR-047-TAV-HBG |
| ) | 3:14-CV-129-TAV-HBG |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner David Dwayne Hopkins ("petitioner"). For the reasons stated below, the motion will be **DENIED** as time-barred and this action will be **DISMISSED**.

Petitioner pleaded guilty to being a felon in possession of a firearm and was sentenced as an armed career criminal to a term of imprisonment of 180 months. Petitioner's direct appeal of his sentence was dismissed on motion of the government based on petitioner's appeal waiver in the plea agreement. [Doc. 30[1], Order entered July 6, 2012]. In support of his § 2255 motion, petitioner claims that he should not have been sentenced as an armed career criminal and that counsel failed to object to the sentence on that basis.

Section 2255 provides for a one-year statute of limitation in which to file a motion to vacate sentence; the limitation period generally runs from the date on which the judgment

---

[1]All citations to the record refer to the docket sheet in petitioner's criminal case.

of conviction becomes final. 28 U.S.C. § 2255(f). In a case such as this where a direct appeal was filed, the statute of limitation commenced when the 90-day period for seeking certiorari review expired, despite the fact that petitioner did not file a petition for certiorari. *See Clay v. United States*, 537 U.S. 522, 525 (2003) ("a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"). For purposes of Supreme Court review, "'[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate'"). *Id*. at 527 (quoting Supreme Court Rule 13(3)).

The Sixth Circuit's order dismissing the appeal was filed on July 6, 2012. The one-year statute of limitation thus commenced on October 4, 2012, and petitioner had until October 4, 2013, to file his § 2255 motion. Petitioner did not file his § 2255 motion until March 20, 2014 [Doc. 36, Motion pursuant to 18 U.S.C. § 2255], which was more than five months after the deadline for filing a § 2255 motion had passed. Petitioner acknowledges that his § 2255 motion was not timely filed but alleges that his motion should not be barred by the statute of limitation because counsel failed to informed him of the status of his direct appeal and failed to inform him of the one-year statute of limitation.

The Supreme Court has held that equitable tolling of a statute of limitation is available "in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396,

401 (6th Cir. 2004) (citations omitted). "A habeas petitioner is entitled to equitable tolling only if two requirements are met. First, the petitioner must establish 'that he has been pursuing his rights diligently.' And second, the petitioner must show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Hall v. Warden*, 662 F. 3d 745, 749 (6th Cir. 2011) (quoting *Holland v. Florida*, 130 S. Ct. at 2562) (holding that counsel's failure to turn over the trial transcript as well as other documents related to the case and the prison's restriction on visits to the law library did not entitle petitioner to equitable tolling).

Obviously, petitioner was aware that an appeal to the Sixth Circuit was filed on his behalf. It was incumbent upon him to determine within a reasonable time the outcome of the appeal. A simple request to this Court for a copy of the docket sheet would have alerted him to the status of his appeal. It was not reasonable for petitioner to wait almost two years before learning that the appeal had been dismissed. *See Winkfield v. Bagley*, 66 Fed.Appx. 578, 583-584 (6th Cir. May 28, 2003) (reliance on counsel does not toll the statute of limitations where the petitioner "has 'failed in his duty to monitor the status of his appeal'") (quoting *Brown v. United States*, 20 Fed. Appx. 373, 375 (6th Cir. September 21, 2001)); *Whalen v. Randle*, 37 Fed. Appx. 113, 120 (6th Cir.2002) (generally, "a lawyer's mistake is not a valid basis for equitable tolling").

The Court finds that petitioner did not diligently pursue his rights. In addition, counsel's alleged failure to timely inform petitioner that his appeal had been dismissed was not an extraordinary circumstance that prevented his timely filing a § 2255 motion.

3

With respect to petitioner's claim that he was not aware of the one-year statute of limitation, "[i]t is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991); *see also Harrison v. I.M.S.*, 56 F. App'x 682, 685, 2003 WL 173669 *4 (6th Cir. 2003) ("Petitioner's alleged ignorance of legal matters does not demonstrate a lack of constructive knowledge of the filing deadline."); *Miller v. Cason*, 49 F. App'x 495, 497 (6th Cir. 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition.").

"The doctrine of equitable tolling is applied sparingly by federal courts," and is typically used "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (citations and internal quotations marks omitted). Under the circumstances, petitioner has not demonstrated that he is entitled to equitable tolling of the statute of limitation and his § 2255 motion is time-barred. *See Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'").

The motion to vacate, set aside or correct sentence will be **DENIED** as time-barred and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. A certificate of appealability **SHALL NOT ISSUE**.

4

28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.  The Court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan<br>
CHIEF UNITED STATES DISTRICT JUDGE